. PRAHL VS. GERHARD.

*Instructions in action for malpractice.* — *Admission of evidence of facts otherwise well known to jury, not fatal error in any case*

1. In an action for damages for malpractice in castrating a colt, causing its death, it was not error to instruct the jury that " if the injury was purely an accident, or arose from some other cause, while defendant exercised a proper degree of skill, he was not liable;" although there was no positive evidence of such accident or other cause.

2. Where defendant offered to show, by a witness claimed to be an expert, that the colt died of some injury unconnected with the castration, but the witness merely testified that " accidents will happen and may happen," the admission of this evidence was not fatal error, even if the witness was not shown to be an expert, or for some reason was not entitled to testify as such in the case; the fact stated by him being one which the jury should have assumed without evidence.

APPEAL from the Circuit Court for *Washington* County.

Action for damages for alleged malpractice of the defendant in castrating a colt belonging to the plaintiff, in consequence of which the colt died. Verdict for the defendant; new trial denied; and plaintiff appealed from a judgment on the verdict.

*Frisby & Weil*, for appellant.

*Geo. H. Kleffler*, for respondent.

PAINE, J. It would seem from the result shown by the evidence in this case, that there probably was some lack of skill or care in tying and casting the colt. But the fact does not appear with sufficient clearness to justify this court in disturbing the verdict of a jury, after the court below has refused to do so. The instructions were correct. They informed the jury that the defendant was bound to use due care and skill, and submitted to them fairly the question whether he had done so. The appellant's counsel makes no objection to them, except in one particular. The defendant had introduced

an expert, and proposed to prove by him that the colt "died from some injury unconnected with the castration or breaking of the legs." This was objected to, and the court overruled the objection, to which exception was taken. But the only answer of the witness was, "accidents will happen and may happen." And in instructing the jury the court said: "If the injury was purely an accident, or from some other cause, while the defendant used and exercised a proper degree of skill, then the defendant is not liable."

The appellant objects to the answer of the witness, and to the remark of the court, assuming that the injury might have resulted from accident. But we can see no error in this. The general fact stated by the witness was one which every juror would have been entitled to assume without any proof. It is a part of that common, general knowledge, which jurors are not only at liberty, but are required, to apply to the determination of every case submitted to them. Every body knows that in handling colts accidents may happen. Counsel might urge, in such a case as this was, even if no witness had stated this general fact, that the injury was accidental. And there was no impropriety in the court's telling the jury that they should determine whether it arose from the fault of the defendant, or from accident without his fault. That alternative arises from necessity in every such case, where the proof does not make it irresistibly clear what was the precise cause of the injury.

*By the Court.*—The judgment is affirmed.